```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

WHITNEY ANDERSON,                       :

    Petitioner,                     :
                                         CIVIL ACTION 08-00328-CG-M

v.                                      :

                               CRIMINAL ACTION 07-00286-CG-M

UNITED STATES OF AMERICA,               :

    Respondent.                     :

### REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 23) and Amended Motion to Vacate (Doc. 25).  This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases.  It is now ready for consideration.  The record is adequate to dispose of this matter; no evidentiary hearing is required.  It is recommended that Petitioner's Motion to Vacate (Doc. 23) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Whitney Anderson.

Court records show that Anderson was indicted on August 31, 2007 for knowingly possessing a firearm, in violation of 18 U.S.C. § 922(g)(1) (Doc. 1).  On December 13, 2007, Petitioner pled guilty to the charge (*see* Doc. 15).  Judge Granade sentenced Petitioner to forty-six months on the conviction as well as three

years of supervised release following his release from prison, with a special condition that Anderson participate in a program of testing and treatment for drug and alcohol abuse, and an assessment of one hundred dollars (Doc. 22).  Anderson did not appeal his conviction (Doc. 23, p. 1, ¶ 8).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on June 9, 2008 in which he raised the following claims:  (1) His plea was not voluntarily made as he did not understand the consequences; (2) his attorney rendered ineffective assistance in allowing him to plea guilty without Petitioner's full knowledge of the consequences; and (3) his sentence was improperly enhanced (Doc. 23).[1]  Respondent filed a Response on August 7, 2008 (Doc. 28); Petitioner has not Replied to the Response.

Respondent has argued that Petitioner's first and third claims are procedurally barred because they should have been raised on direct appeal (Doc. 28, pp. 5-9).  In *Lynn v. U.S.*, 365 F.3d 1225, 1232-33 (11th Cir.), *cert. denied*, 543 U.S. 891 (2004), the Eleventh Circuit Court of Appeals stated the following:

> Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a

---

[1] Anderson originally raised a fourth claim (that he had been sentenced under the wrong statute), but in his Amended Motion, he dropped that claim (Docs. 23, 25).

> direct appeal.  *See, e.g., United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982) (collecting cases).  Because collateral review is not a substitute for a direct appeal, the general rules have developed that:  (1) a defendant must assert all available claims on direct appeal, *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir.1994); and (2) "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Richards v. United States*, 837 F.2d 965, 966 (11th Cir.1988) (quoting *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sep.1981)).  Accordingly, a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, *Frady*, 456 U.S. at 165, 102 S.Ct. at 1593, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice.  *Stone v. Powell*, 428 U.S. 465, 477 n.10, 96 S.Ct. 3037, 3044 n.10, 49 L.Ed.2d 1067 (1976).

*Lynn*, 365 F.3d at 1232-33.  The Court further notes that "'[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'"  *Bousley v. U.S.*, 523 U.S. 614, 621 (1998) (quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)).

    Respondent is correct in asserting that both of these claims could—and should—have been raised on direct appeal.  The Court finds that Petitioner has not shown cause for his failure to

raise these claims on direct appeal[2] and has not demonstrated actual prejudice resulting therefrom.  *See Murray v. Carrier*, 477 U.S. 478, 485 ((1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  Likewise, he has not shown that he is actually innocent of the charge for which he was convicted.  *Murray*, 477 U.S. at 496.  Therefore, these claims are procedurally defaulted and will not be considered by the Court.

Anderson has also claimed that his attorney rendered ineffective assistance in allowing him to plead guilty without Petitioner's full knowledge of the consequences.  More specifically, Petitioner asserts that his attorney told him that his federal sentence would be served concurrently with the sentence he was serving for his state conviction (Doc. 23, p. 6).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious

---

[2]Anderson has asserted that his attorney rendered ineffective assistance in allowing him to plead guilty.  This claim will be discussed later, but, ultimately, the Court finds that it has no merit, meaning that he has failed to show cause here to get past the procedural default bar.

4

>   as to deprive the defendant of a fair trial,
>   a trial whose result is reliable.  Unless a
>   defendant makes both showings, it cannot be
>   said that the conviction . . . resulted from
>   a breakdown in the adversary process that
>   renders the result unreliable.

*Id*. at 687.

In response to Petitioner's claim, Respondent has provided the affidavit of Anderson's attorney in these proceedings, Andrew M. Jones, who stated as follows:

>   At the time of these proceedings, Mr.
>   Anderson was then in the custody of the State
>   of Alabama Department of Corrections serving
>   out a sentence on possession of forged
>   instrument charges.  During my plea
>   negotiations with Assistant U.S. Attorney E.
>   T. Rolison, Mr. Rolison agreed that he would
>   not oppose a request by me at sentencing that
>   the Court run concurrent his Federal sentence
>   with the balance of his State sentence.  That
>   is – he would not oppose a request by me that
>   the Defendant receive credit toward his
>   Federal sentence for each day he served on
>   the remaining balance of his State sentence.
>   This offer was communicated to and discussed
>   with the Defendant and was specifically put
>   in the plea agreement.  At no time did I tell
>   Mr. Anderson that the Judge would surely
>   grant the request or that she was even likely
>   to grant the request.  I told him I did not
>   know what she would do and that all we could
>   do was ask and it was up to the Judge to
>   grant or deny the request.  I also recall
>   telling Mr. Anderson, at some point during
>   the proceeding, that he could contact the
>   lawyer who represented him in his State
>   proceedings to see if the Judge there would
>   consider suspending the balance of his State
>   sentence based upon the fact of his Federal
>   sentence.  (Mr. Anderson appeared to be
>   serving out the balance of a split State
>   sentence over which his State Judge would

retain jurisdiction.

(Doc. 28, Exhibit 1, pp. 1-2). At his guilty plea hearing in this Court, the following exchange took place between Judge Granade and Anderson:

> THE COURT: For Mr. Anderson, do you have any agreements with the United States Government about your case that are not written down in the plea agreement?
>
> DEFENDANT ANDERSON: No, ma'am.
>
> THE COURT: Do you understand the terms of your plea agreement?
>
> DEFENDANT ANDERSON: Yes, ma'am.
>
> THE COURT: Has anyone made any other or different promises or assurances to you of any kind in an effort to induce you to plead guilty in your case?
>
> DEFENDANT ANDERSON: No, ma'am.
>
> THE COURT: Do you understand that certain of the terms of your plea agreement are merely recommendations to the Court and that I can reject those recommendations without permitting you to withdraw a plea of guilty and impose a sentence that is more severe than you might anticipate?
>
> DEFENDANT ANDERSON: Yes, ma'am.

(Doc. 26, pp. 5-6). The Court also notes that, in the plea agreement itself, there is a handwritten note that says the following: "The United States will not oppose the Defendant's request that his Federal Sentence run concurrently with his State sentence which he is now serving;" the statement is initialed by

Petitioner and his attorney (Doc. 15, p. 4, ¶ 17).

This evidence shows that Anderson's plea was voluntarily and knowingly made. As such, he has not shown that his attorney was deficient in allowing him to make the plea agreement. Finally, there has been no showing that he was prejudiced. Petitioner has failed to satisfy the requirements of *Strickland*. His claim otherwise is without merit.

Anderson has raised three claims in bringing this action. Two of those claims are procedurally barred because they were not raised on direct appeal; the third claim is without merit. Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Whitney Anderson.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing

      a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

      A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      DONE this 13th day of July, 2009.

                                              <u>s/BERT W. MILLING, JR.</u>
                                              UNITED STATES MAGISTRATE JUDGE